**MANES CONSTRUCTION COMPANY, INC., Appellant,**

v.

**WALLBOARD COATINGS COMPANY, INC., et al., Appellees.**

**No. 799.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 20, 1973.

Rehearing Denied July 18, 1973.

---

T. Turner Pope, Kamp, Laswell & Pope, Houston, for appellant.

John A. Cavin, Ross, Banks, May, Cron & Cavin, George T. Bass, Houston, for appellee.

TUNKS, Chief Justice.

This is an appeal from a judgment granting a recovery of money paid to an assignor of accounts receivable after the assignor's debtor had notice of the assignment. The facts which gave rise to this litigation are as follows. Appellant Manes Construction Company, Inc. (Manes) and its sister corporation Westward Builders, Inc., as general contractors, began construction of three apartment projects in Houston, Texas. Manes contracted with American Drywall & Supply Company (American) a subcontractor, to do the sheetrock work in each project. In January 1969 American assigned its accounts receivable to appellee National Gypsum Company (National), its principal supplier, to secure past and future open account sales. A financing statement was executed and filed with the Secretary of State. In July 1969 Manes received actual notice, by telephone and by letter, that the assignment had been made by American. In apparent recognition of this assignment, Manes made several payments on the subcontract work with checks which were made jointly payable to American and National. Other checks, however, were not made jointly payable, but rather were direct payments to the subcontractor American.

In October 1969 Manes, American and another of American's suppliers, Wallboard Coatings Company, Inc. (Wallboard), entered into an agreement in which Manes promised to make payments to American with checks made jointly payable to American and Wallboard. In consideration of this Wallboard agreed to supply construction materials costing $7,110.30 to American. Wallboard was not told by either Manes or American that American had already assigned its accounts receivable to National.

In April 1970, Manes, having completed all three apartment projects, determined that it had retainage in its possession in the amount of $7,110.30. At that time, neither Wallboard nor National, the material

suppliers for Manes's subcontractor American, had been paid by American for the materials American had purchased. Manes sent Wallboard a check in the amount of $7,110.30, which check was made jointly payable to Wallboard, American and National.

Wallboard filed suit against American and Manes to collect the $7,110.30 owed to Wallboard by American. Manes answered by way of interpleader and made National a party to the suit. National answered by way of cross-action against American and Manes to collect $49,062.71 (later reduced to $45,056.11 because of a credit to the account) owed to National by American.

Trial was to the court without a jury. Judgment was granted to Wallboard for the $7,110.30 tendered into court by Manes as interpleader. National obtained a judgment against Manes in the amount of $45,056.11. In the interest of clarity, other aspects of the judgments rendered will not be mentioned.

■ By this appeal Manes has attacked only the judgment rendered against it in favor of National. Although a statement of facts has been filed with this Court, no findings of fact or conclusions of law were requested by Manes. Consequently the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. Seaman v. Seaman, 425 S.W.2d 339 (Tex. Sup.1968).

■ By its first two points of error, Manes contends that the trial court erred in granting judgment to National based on its security interest (the assignment of American's accounts receivable) while at the same time granting judgment to Wallboard for the funds tendered into court by Manes. Appellant's theory is that the granting of judgment to Wallboard presupposes a finding that National did not have a perfected security interest in American's accounts receivable. Otherwise the funds tendered into court would have been

granted to National. This contention is based on a misconception of the importance of *perfecting* a security interest. Proper perfection of a security interest is of significance only in determining priorities among conflicting security interests. Tex.Bus. & Comm.Code Ann. sec. 9.312 (1968), V.T.C.A. Since no attack has been made on the judgment in favor of Wallboard, priorities are not in issue. Manes could only question whether National's security interest had *attached*. Tex.Bus. & Comm.Code Ann. sec. 9.204 (1968). No such question has been raised. Moreover, the judgment rendered by the trial court is not based on a foreclosure of National's security interest. It is based on a finding that Manes, the account debtor, paid money directly to the assignor, American, at a time when Manes had actual notice of the assignment to National. In so doing, Manes subjected itself to double liability. Tex.Bus. & Comm.Code Ann. sec. 9.318(c) (1968).

■ It would appear from the evidence adduced at the trial that Manes may have believed that it had received permission from National to pay money directly to American to cover American's labor costs on the construction projects. However, this defense was not pleaded and was consequently waived. Tex.R.Civ.P. 94. Even had it been pleaded, however, the evidence would fully support a finding to the contrary of Manes's contention. Appellant's first two points of error are overruled.

■ In its third point of error, Manes contends that it did not make payments to the actual assignor of the accounts receivable, which was a partnership dba American Drywall & Supply Company, but rather it made payments to a corporate entity called American Drywall & Supply Company. The partnership had incorporated during the period involved in this litigation. The mere fact of incorporation was not sufficient to change the relationship between the parties. The money which Manes wrongfully paid out was on an account which Manes knew had been assigned to national. It made no difference whether it was paid to American as a partnership or to the partnership's successor corporation. East Texas B. & T. Co. v. Mid-South Contractors, Inc., 451 S.W.2d 782 (Tex.Civ.App.—Tyler 1970, no writ).

■ Manes further contends in the third point of error that even if it did make payments directly to the assignor, the total amount of those payments was only $44,099.50. The amount of the judgment against Manes was $45,056.11. We have examined the statement of facts and conclude that appellant's contention is without merit. It appears that the payments by Manes directly to American after notice of the assignment, actually exceeded the amount of the judgment. The third point of error is overruled.

By its fourth point of error Manes contends, in effect, that the amount of American's account with National, which Manes became liable to pay as noted above, was not $45,056.11 but rather $24,000 below that figure. This contention is based on the allegation that Manes had issued two checks made jointly payable to American and National in an amount totaling $24,000 and that these checks had been fraudulently endorsed by an officer of American who had apparent authority to receive payments for National. Therefore, American's account, at least when viewed as an obligation of Manes to National, should be credited in the amount of $24,000. We need not reach the question whether Manes or National must bear any loss created by the forged endorsement as it is clear that without regard to the misappropriated $24,000, Manes had still paid directly to American an amount in excess of the judgment. Clearly, as between American and National, there was no reduction in the balance due on American's account. National still had an assigned interest in all other money due to American. To the extent that there remained a secured debt due from American to National, Manes made payments di-

rectly to American at its peril. Tex.Bus. & Comm.Code Ann. sec. 9.318(c) (1968). See Florida First National Bank v. Fryd Const. Corp., 245 So.2d 883 (Fla.Dist.Ct. App.1970). The fourth point of error is overruled.

In its final point of error, Manes contends that it should have received a credit, for the funds tendered into court, against the amount due to National. As previously noted, those funds were granted to Wallboard. Even if there were error in this regard, Manes has not shown in what way it has been harmed. The fact that Wallboard may or may not have had a prior right to the money tendered into court does not relieve Manes of its liability to National for making payments to American after notice of the assignment. The point of error is overruled.

The judgment of the trial court is affirmed.