**Frank FOSTER, Ruth Foster, Seffie Foster Hey, as Individuals and as Independent Executors of the Estate of Josephine Foster, deceased, Appellant,**

v.

**James Waller FOSTER, Appellee.**

**No. 2-82-009-CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 14, 1982.

Rehearing Denied Nov. 18, 1982.

R.M. Helton, Wichita Falls, for appellants.

Tom C. Ingram, Jr., Dallas, for appellees.

Before MASSEY, C.J., and JORDAN and RICHARD L. BROWN, JJ.

OPINION

MASSEY, Chief Justice.

*Quare:* Does an adopted person— who was adult when adopted in 1976—succeed to the same rights of inheritance existant by Texas law applicable to a natural born child or applicable to an adopted person who was actually a child—a minor—on the date of adoption?

*Answer:* No.

Dispute between the parties in the trial court, and on appeal here, involved the question of whether purportedly valid decrees of adoption of those who were adults at the time made their status that of children of the adoptive parents with the same rights as applied to inheritance from the natural parents of the adoptive parents as would have been the case had they been "natural children", and with the same rights to take under deeds from natural parents to the adoptive parents by provi-

sions therein for succession of rights as remaindermen to children of the adoptive parents. The trial court held that appellants, having been adults at the time of their adoption, had no right, as children of adoptive parents, to receive anything by the deeds or by the will of those who had been parents (of their adoptive parents).

As we understand the case, it is agreed that adoptive children who were adults at time of adoption were entitled to rights as remaindermen only in the event we should hold that their status as adopted children made of them proper persons to inherit by will of a parent (or parents) of their adoptive parents, or to succeed to rights as remaindermen by deeds from them to their children who were the adoptive parents of those claiming remaindermens' rights. Anyway, we have examined the material deeds and the will and find nothing therein which could entitle the adopted children to claim benefit, unless by operation of law they could be said to have succeeded to the same rights which would be theirs had they been natural born children of their adoptive parents. In other words, there is nothing by which to test the intent of either the natural father or natural mother in the deeds and in the will apart from the question of legal status as children by reason of the adoption decrees.

On submission of the case, we were somewhat concerned about whether the controversy was ripe for a suit for declaratory judgment, but the parties demonstrated that it was and that our opinion in the case would not be a mere advisory opinion. We do take note, however, that there is a minor matter on which our opinion might be considered advisory, that being the life estate in mineral rights given under her mother's will to Mary Foster Williams, with provision that in the event she (may) should die leaving no descendants such share in the estate to which there was reference should vest in the testatrix' "children and their legal heirs, legatees and devisees." Therefore, we here state that what we write should not be considered to amount to a present adjudication upon any right by the will which might arise in any person upon the death of Mary Foster Williams as applied to the mineral rights to which there was reference.

Of aid in understanding the law and applying reasoning to applicable statutes and to what little might remain appurtenant as common law the following authorities were consulted along with cases thereunder discussed:

21 A.L.R.3d 1012 (1968), Annotation: "Adoption of Adult".

38 A.L.R. 8 (1925), supplemented at 120 A.L.R. 837 (1939) and in 43 A.L.R.2d 1183 (1955), Annotation: "Right of adopted child to inherit from kindred of adoptive parents."

70 A.L.R. 621 (1931), Annotation: "Adopted child as within class in testamentary gift", superseded at 86 A.L.R.2d 12 (1962) (same annotation).

133 A.L.R. 597 (1941), supplemented at 166 A.L.R. 150 (1947), and superseded in 86 A.L.R.2d 115 (1962), Annotation: "Adopted child as within class named in deed or inter vivos trust instrument", following text of the case *Cutrer v. Cutrer,* 162 Tex. 166, 345 S.W.2d 513 (1961), 86 A.L.R.2d 105 (1962).

The statutory law examined included Vernon's Texas Family Code, Title 2, Subchapter B, "Adoption of Adults", sec. 16.55, "Effect of Adoption Decree", formerly Vernon, Ann.Tex.Stat. art. 46b–1, "Adoption of Adults", pursuant to Acts 1947, 50th Leg., p. 1009, ch. 428, which became effective 90 days after adjournment of the Legislative Session on June 6, 1947, prior to which date there was nothing in Texas law which permitted the adoption of adults. Also considered was Vernon's Ann.Tex.Stat. art. 46a Sec. 9, "Proceedings for adoption, hearing and rights of adopted child;—Status of adopted child", where by Acts of 1951, 52d. Leg., p. 388, ch. 249, sec. 3 was provided that the effect of adoption of a "minor child" should be to make such a child eligible to inherit from others the same as had he been a natural born child of his adoptive parents. This provision, without material changes, is now made a part of our law in

Vernon's Texas Family Code, Title 2, "Parent and Child", Subchapter A, "Adoption of Children", sec. 16.09, "Effect of Adoption Decree". Considered for comparison purposes was Vernon's Texas Probate Code, ch. II, "Descent and Distribution", sec. 40, "Inheritance By and From an Adopted Child", and ch. I, "General Provisions", sec. 3, "Definitions and Use of Terms", (in particular "Child" within the Code).

 It is the general rule, and certainly the law in this State, that a "child" within the meaning of the Probate Code and the meaning of the Family Law Code (when used with the connation of our statutes relative to adoptability) is a person under the age of twenty-one years or such age as might by statute be prescribed as that upon which a person should reach the age of his majority. Since adoption of the Family Code there is no doubt that a minor child is, from time of adoption as such, to be treated as though born to his adoptive parents for purposes of intestate inheritance, though not, necessarily, in instances where it is a will or other legal instrument of which there would be need for construction. Relative to art. 46a–9 this author wrote the opinion of *Rothman v. Gillett,* 315 S.W.2d 956 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n.r.e.) in which provisions of law were so interpreted with the trial court affirmed. That was a case of intestate succession in which was upheld the rights of an adopted niece and nephew to inherit. (At the initial legislative effort there was failure by the statute to constitutionally accomplish change in the law to authorize that result because there was want of proper language in its caption and preamble. The defect was eventually corrected.)

The same rights of intestate succession never has been created for one who was adult and not a "minor child" when adopted. (Until late in 1947 there was no way for an adult to become an adopted child of another person.) Even now it is not the law of this State that one who was adult when adopted has entitlement under the laws of descent and distribution to recover as a child from anyone other than his adoptive parents.

As stated early in the opinion propriety of the judgment from which there was appeal is resolved against those who have appealed unless the appellants, those who were the adults sought to be adopted, could be said to have succeeded because of their adoption to the same rights which would be theirs had they been natural born children of their adoptive parents. From what we have written, it was because they were adults when adopted that they never succeeded to such rights. The judgment of the trial court was obviously correct.

Resolution of the appeal is by application of the law and there appears no need to enlarge the opinion by going into any detail on factual background. The parties are familiar therewith, and to recite it could not aid one who might hereafter have occasion to make reference to the opinion.

Judgment is affirmed.