Randy Turner LEHMAN, Appellant,

v.

CORPUS CHRISTI NATIONAL BANK and Parkdale Bank as Guardian of the Estate of Keith Lehman, Appellees.

No. 13–82–352–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 15, 1983.

Rehearing Denied Oct. 6, 1983.

Jack M. McGinnis, McGinnis, Caswell & Gewertz, San Antonio, for appellant.

M.W. Meredith, Jr., Rebecca R. Kieschnick, Meredith & Donnell, Francis I. Gandy, Jr., Corpus Christi, for appellees.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment holding that Keith Lehman is the only person who qualifies for Melvin William Lehman's share, as beneficiary, of the W.F.L. Lehman Trust. We affirm.

W.F.L. Lehman died on July 27, 1970, leaving a will dated May 4, 1966. The will provided for the creation of the "W.F.L. Lehman Estate Trust." It further provided "that such trust shall continue until the death of the last to die of C.L. Lehman, his wife, E.O. Lehman, his wife, Melvin W. Lehman, and Ingeborg Lehman, at which time the trust shall terminate." Upon termination of the trust, it was provided that the trust estate was to be distributed, insofar as this appeal is concerned, "one-fourth (¼), in value, to the then living descendants, per stirpes, of Melvin W. Lehman." Apparently, the trust had terminated prior to the filing of suit. The trust also provided for distribution of the net income of the corpus to beneficiaries, one of whom was Melvin W. Lehman. The trust defined descendants, stating " 'descendants' shall include the children of the person designated, and the issue of such children, and such children and issue shall always include those who are adopted."

Keith Lehman is the natural son of Melvin W. Lehman and LaVona McLemore Lehman. Keith Lehman was born on July 24, 1967. On August 24, 1978, Melvin W. Lehman adopted Randy Joseph Turner Peterson, appellant, (hereinafter referred to as "Randy Turner Lehman"), the natural son of Marianne Bourque Lehman. At the time of adoption, Randy Turner Lehman was 26 years old, and was adopted pursuant to Tex.Fam.Code Ann. § 16.51 et seq. (Vernon 1975).

The controlling question on this appeal is: Will the adult adoption of Randy Turner Lehman have the effect of making him a remainderman under the terms of the will of W.F.L. Lehman? We find that it will not. A will is to be construed by the law as it exists at the date of death of the testator. *Tindol v. McCoy*, 535 S.W.2d 745 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Both at the time of W.F.L. Lehman's death and now, an adopted child was entitled to inherit from and through the adoptive parents. Adoption Minors, 52nd Leg., p. 388, ch. 249, sec. 3, 1951 Tex.Gen.Laws, Local & Spec., amended Tex.Fam.Code Ann. § 16.09(b) (Vernon's 1975). However, at the time of W.F.L. Lehman's death, by statutory provision, an adopted adult, or "adult person," inherited *from* the adoptive parent. No correspond-

ing provision existed for *inheriting through* that adoptive parent. Adoption of Adults, 50th Leg., p. 1009, ch. 428, § 5, 1947 Tex.Gen.Laws, Local & Spec., amended Tex.Fam.Code Ann. § 16.55 (Vernon Supp.1982).

█ The definition of "descendants" in the trust before us provides for adopted children and their issue. Under the law in effect at the time of W.F.L. Lehman's death, a person who was an adult at the time of his (her) adoption, did not stand in the same position with respect to inheritance as did an adopted child. This rule of law was not changed by the definition of descendants in the will of W.F.L. Lehman. A child is traditionally viewed as a person under the age of twenty-one, or such age as may be prescribed by statute. *Foster v. Foster,* 641 S.W.2d 693 (Tex.App.—Fort Worth 1982, no writ). Because Randy Turner Lehman was an adult at the time of his adoption, he did not inherit under the will of W.F.L. Lehman. See generally *Foster,* supra. Appellant's point of error is overruled.

The judgment of the trial court is AFFIRMED.

## OPINION ON MOTION FOR REHEARING

In his Motion For Rehearing, appellant apprises this Court of the fact that as of the date of the filing of this lawsuit, the W.F.L. Lehman Trust had not terminated; rather, the beneficiaries under the Trust were only receiving income from that Trust. The termination of the Trust, or the lack thereof, is not determinative in the resolution of this cause. The sole question to be resolved is whether or not Randy Turner Lehman qualifies as a remainderman under the terms of the will of W.F.L. Lehman. For the reasons set out in our original opinion, we hold that he does not. Appellant's Motion For Rehearing is overruled.

The judgment of the trial court is AFFIRMED.