**Elaine James HUNTER, Appellant,**

v.

**Elaine Hanna KOISCH, Sally Winkler Barnes and Joni M. Hanna, Personally and As Representatives of the Estate of John Charles Hanna, Deceased, Appellees.**

No. 09–89–148 CV.

Court of Appeals of Texas, Beaumont.

Oct. 11, 1990.

Rehearing Denied Nov. 1, 1990.

Walter L. Borgfeld, Jr., Zeleskey, Cornelius, Rogers, Hallmark & Borgfeld, Lufkin, for appellant.

Lloyd C. Martin, Smith, Martin & Henderson, Huntsville, for appellees.

OPINION

WALKER, Chief Justice.

This is a proceeding to declare heirship based on the Last Will and Testament of John Warford James being void under the TEX.PROB.CODE sec. 67(b). Trial was before the court on an agreed statement of facts and judgment was entered denying the application for Declaration of Heirship

and upholding the Last Will and Testament of John Warford James.

A review of the facts showed that John Warford James executed his Last Will and Testament on April 28, 1958 which named his wife, Juanita Hanna James as the sole beneficiary of his estate. At the time of execution of the will, Mr. and Mrs. James had no children. On October 2, 1973, Mr. and Mrs. James adopted a niece, Marsha Elaine Garner, an adult, who is the appellant in this proceeding.

The judgment granting adoption of the appellant recites that the appellant had resided with Mr. and Mrs. James since on or about June 1, 1970, that the appellant had graduated from Corrigan High School while living with Mr. and Mrs. James, that during the period of time that the appellant lived with Mr. and Mrs. James, they had taken care of and provided for her physical needs and requirements and at the present time, they were sending her to college at Sul Ross State University at Alpine, Texas, where she was then a junior. The appellant's consent to adoption by Mr. and Mrs. James recited that she was an adult at that time, born on August 24, 1952, making her then over 21 years of age and acknowledging that Mr. and Mrs. James had taken care of her physical needs and requirements and were then sending her to school at their expense.

On March 8, 1984, Mr. James died without revising the will that he had executed on April 28, 1958, and on April 19, 1984, Mrs. James filed an application to probate this will in the County Court of Polk County, Texas. On September 30, 1985, the will of Mr. James was admitted to probate by the County Court of Polk County, Texas, and Mrs. James was granted Letters Testamentary as Independent Executrix of the Estate.

On June 18, 1985, Mrs. James executed a will under the terms of which she devised to her niece, Elaine James Hunter, appellant herein, certain property. Mrs. James devised certain other property in equal shares to her nieces and nephews who were Elaine James Hunter (appellant), Sally Winkler Barnes, Jane Winkler Carter, Elaine Hanna Koisch and John Hanna. On November 14, 1987, Mrs. James died and the appellant filed an application in the County Court of Polk County, Texas for appointment as administratrix of the estate of Mrs. James.

An order was thereafter entered on April 29, 1988 admitting Mrs. James' will to probate and appointing the appellant as administratrix with Will Annexed.

On December 19, 1988, the appellant, acting as administratrix of the estate of Mrs. James, filed the cause presently on appeal before this Court styled *The Estate of John Warford James, Deceased, a Proceeding to Declare Heirship.* Appellant requested the trial court to make a determination as to whether or not Mr. James' will was invalid by reason of the provisions of the TEX.PROB.CODE sec. 67(b) and for the determination of heirship by reason of the fact that the adoption of the appellant, an adult, had voided the provisions of Mr. James' will. No other attack is made upon the probate of the will of John Warford James and we mention this only because appellant, in her brief, raises for the first time TEX.PROB.CODE sec. 81(a)(6) which shall be addressed later in this opinion.

This case was before the trial court on an agreed statement of facts and the trial court ordered that the relief sought by Elaine James Hunter, appellant, as administratrix of the estate of Juanita Belmont James, deceased, should in all things be denied.

In support of appellant's contention that the action of the trial court in denying her request for determination of heirship and upholding the Last Will and Testament of John Warford James was erroneous, appellant presents two points of error as follows:

The trial court erred in denying appellant's Application for Determination of Heirship because the purported Last Will and Testament of John Warford James, deceased, is void under sec. 67(b) of the TEX.PROB.CODE; and

The County Court of Polk County erred in admitting the purported Last Will and Testament of John Warford James, de-

ceased, to probate because same was void under sec. 67(b) of the TEX.PROB. CODE.

Texas Appellate Courts have made no direct interpretation of the *"exclusive of adopted children"* provision of sec. 67(b), nor do we find it necessary to our present holding except perhaps but by way of discussion rather than interpretation.

■ Section 67(b) reads as follows:

**Where No Child Was Living When Will Was Executed.** Every last will and testament made when the testator had no child living, wherein any child he might have is not provided for or mentioned, if at the time of his death he shall leave a child, either born to him or adopted by him, or shall leave his wife enceinte of a child which shall be born, shall have no effect during the life of such after-born or after-adopted child, and shall be void, unless such child dies within one year after the death of the testator; provided, however, that where a surviving husband or wife is the father or mother of all of the testator's children, *exclusive of adopted children,* and said surviving husband or wife is the principal beneficiary in said testator's last will and testament, to the entire exclusion, by silence or otherwise, of all of said testator's children, then and in that event the foregoing provisions of this Section shall not apply or be considered in the construction of said last will and testament. (emphasis added).

This particular section of the Probate Code was adopted for the protection of a pretermitted child or children, even though the word "pretermitted" is not used nor defined under secs. 67(b) or 67(c). In 1989 our Texas Legislature saw fit, and understandably so, to amend TEX.PROB.CODE sec. 67, which is now titled "Pretermitted Heir" which seemingly eliminates the problem before us. Our present opinion, however, must be governed by TEX.PROB. CODE sec. 67(b) as enacted by the 54th Legislature and effective January 1, 1956.

Appellees contend that the word "children" as used in sec. 67(b) is for the protection of minor children only and cites to us the case of *Foster v. Foster,* 641 S.W.2d 693 (Tex.App.—Fort Worth 1982, no writ) relying particularly on the following language:

"It is the general rule, and certainly the law in this State, that a "child" within the meaning of the Probate Code and the meaning of the Family Law Code (when used with the connotation of our statutes relative to adoptability) is a person under the age of 21 years or such age as might by statute be prescribed as that upon which a person should reach the age of majority...."

Appellees go further to point out, and we appreciate such candor, that the *Foster* viewpoint was cited, with approval, by the Court in *Lehman v. Corpus Christi National Bank,* 665 S.W.2d 799 (Tex.App.—Corpus Christi 1983, writ granted), and upon acceptance of the writ, our Supreme Court reversed the Court of Appeals, disapproving the holding in *Foster* "to the extent it suggest that a reference to "children" in a will or trust excludes adults. *Lehman v. Corpus Christi National Bank,* 668 S.W.2d 687 (Tex.1984). This language appears to contradict appellees' position, however, appellee points out that the Supreme Court did not *specifically* disapprove of the quoted language in *Foster.* The primary question in *Lehman* was whether Randy Lehman, an adopted adult, qualified as a "descendant" of his adoptive father within the terms of the adoptive father's will. In *Lehman,* the adoptive father's will defined "descendants" which immediately distinguishes Lehman from our case in that the will of John Warford James makes no mention of descendants, heirs or devisees other than his wife Mrs. James.

Even though Lehman is clearly distinguishable, we find guidance from that opinion. Justice Spears writes that "The terms 'child' or children when used in a testamentary instrument ordinarily covers sons and daughters of whatever age." Further stating, "We disapprove the holding in *Foster v. Foster,* 641 S.W.2d 693 (Tex.App.—Fort Worth 1982, no writ), to the extent it suggest that a reference to 'children' in a will or trust excludes adults, unless the instru-

ment itself clearly shows that the testator or settlor so intended. The definition of 'descendants' in the will draws no age distinction between natural and adopted children. Thus, if adopted adults are incapable of taking, adult natural children would likewise be excluded from the class of beneficiaries."

We view *Lehman* as controlling on the question of whether the words "child" or "children" means only minor children.

Appellant's view of the phrase "exclusive of adopted children" in sec. 67(b) appears to so distinguish appellant as to give her some preferential status which allows her to void her adoptive father's will even where a natural born child could not. We do not believe such to be the intent of our legislature.

Historically it has been the efforts of both the legislature and the courts to bring adopted children to an equal level of legal dignity with natural born children. Appellant now suggests an interpretation of sec. 67(b) which would go even beyond previously intended attempts for equality, giving appellant and those similarly situated, preferential treatment. Certainly this was not the intent of sec. 67(b).

We believe that the very first part of the first sentence of sec. 67(b) precludes appellant from any preferential status resulting from the fact that she was adopted. The wording of that sentence brings to absolute parity, natural born and adopted children under this statute.

The confusion arises, however, in the provision, which at first reading appears to, for some unexplained reason, give only adopted children the prerogative of voiding the testator's will. We agree that a reading of that provision would lead one to logically conclude this to be the intended purpose, but the logic becomes completely illogical when the question is asked, "why?". Why should only adopted children of the testator be allowed to void testator's will? There exists no adequate answer to this question as same relates to the facts of our case.

In our case, the surviving wife, Mrs. Juanita Hanna James, now deceased, *was the mother of all the testator's children* to wit: Appellant being the adopted child of both James' even though an adult at the time of adoption. Appellant, upon adoption, became the James' child for all purposes including the applicability of TEX. PROB.CODE sec. 67(b) not in its exclusionary sense, but rather, in its inclusionary sense.

TEX.FAM.CODE sec. 16.55 is determinative of the status of adopted adult children and states:

"On entry of the decree of adoption, the adopted adult is the son or daughter of the adoptive parents *for all purposes....*" (emphasis ours).

We hold that the "exclusive of adopted children" provision in the TEX.PROB. CODE sec. 67(b) has no application beneficial to appellant's efforts under the facts of this case. Appellant's standing under sec. 67(b) is no different had she been naturally born to the James', therefore, the trial court did not err in denying appellant's application for determination of heirship and the will of John Warford James is not void under the TEX.PROB.CODE sec. 67(b).

Since we have conveniently avoided a direct address to the meaning of "exclusive of adopted children" under sec. 67(b), same being unnecessary to our conclusion, we might by way of hypothetical conjecture see where such exclusionary clause could apply to a "Cinderella" situation. Such as where a testator/testatrix has children born to or adopted by him or her which at some subsequent time, were adopted by the surviving spouse, then the exclusionary provision of sec. 67(b) could prevent the cutting off of adopted children by the surviving spouse. Appellant's point of error number one is overruled.

Even though our conclusion as to appellant's point of error number one is no doubt dispositive of this appeal, we feel that an address to appellees' "fundamental error" contention is important.

■ Appellant makes an outright attack on the order of the Probate Court admitting the will of John Warford James to

probate on September 30, 1985. Appellant states that the TEX.PROB.CODE sec. 81(a)(6) requires that the content of an application for Letters Testamentary state "whether a child or children born to or adopted after the making of such will survived the decedent, and the name of each survivor, if any." Appellant further states that the application to probate the written will of John Warford James did not contain any statement of this character or nature, nor did the order admitting the will to probate make reference thereto. Appellees do not dispute appellant's contention under the TEX.PROB.CODE sec. 81(a)(6). Appellees do contend, however, that appellant did not make this challenge in her application to determine heirship or otherwise present same to the trial court stating, therefore, it is fundamental that appellant's point of error number two is barred by the provisions of the TEX.PROB.CODE sec. 93. We agree with appellees that appellant's failure to challenge the probate of John Warford James' will within two years of its probate is subject to a limitation defense, however, we disagree that the limitation period under the TEX.PROB.CODE sec. 93 is a fundamental bar to any attack upon probate after the expiration of the two year period.

We think the case of *Pirtle v. Gregory*, 629 S.W.2d 919 (Tex.1982) lays this question to rest wherein the court states:

"Fundamental error survives today in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected...."

Fundamental error, however, is quite different from an affirmative defense of limitation required to be plead under the TEX. R.CIV.P. 94. It is established that, pursuant to Rule 94, all affirmative defenses not plead and proved at the trial court level are waived. *Christian v. First National Bank at Weatherford*, 531 S.W.2d 832, 836 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.); *Manes Construction Company v. Wallboard Coatings Company*, 497 S.W.2d 334, 337 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ).

Consequently, appellees cannot now raise the defense of limitations for the first time during their appeal.

Our conclusion is further supported by the TEX.R.APP.PROC. 52(a) which states in part:

"In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion."

Our finding and holding on this question, however, does not result in a sustaining of appellant's point of error number two in that we have previously concluded that the probate of the will of John Warford James is not void under the TEX.PROB.CODE sec. 67(b). The trial court properly denied appellant's application for determination of heirship.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority claims to have avoided interpreting the phrase "exclusive of adopted children" by holding the clause does not apply to appellant. The majority reasons the legislature did not intend to give adopted children preferential treatment. The majority states: "The confusion arises, however, in the provision, which at first reading appears to, for some unexplained reason, give only adopted children the prerogative of voiding the testator's will. We agree that a reading of that provision would lead one to logically conclude this to be the intended purpose...."

The majority's holding has the effect of removing the phrase from the statute except in some type of "Cinderella" situation.

TEX.PROB.CODE ANN. sec. 67(b) (Vernon 1980) (amended 1989) states in no uncertain terms that a testator's will shall have no effect during the life of an after-adopted child and shall be void. The sec-

tion will not apply however where the surviving spouse is the father or mother of all the testator's children, exclusive of adopted children, and the surviving spouse is the principal beneficiary in the will. This second provision is concerned with the relationship between the testator's children and the surviving spouse. If the relationship between the surviving spouse and the after-adopted child is the result of adoption, then the proviso does not come into play.

This court in *La Cour Du Roi, Inc. v. Montgomery County*, 698 S.W.2d 178, 186 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.) discussed the rules of statutory construction restating the rule that there is a well-established presumption that when construing a statute each and every word has a significant purpose and meaning. Further, we are to harmonize statutes and give effect to each rather than repeal by implication. The family code provision and the probate code provision can be effectively harmonized. The family code provision concerning the status of adopted children is a general one. The probate code provision allowing an after-born adopted child to void a will is a specific one. To allow the specific to control over the general is an accepted manner of harmonizing statutes. *Sam Bassett Lumber Co. v. City of Houston*, 145 Tex. 492, 198 S.W.2d 879, 881 (1947); *State of Hollingsworth*, 784 S.W.2d 461, 468 (Tex.App.—Austin 1989, no writ); *International Fidelity Ins. Co. v. Sheriff of Dallas Co.*, 476 S.W.2d 115, 118 (Tex.Civ. App.—Beaumont 1972, writ ref'd n.r.e.).

For the reasons stated, I would reverse and render in favor of appellant.