NO. 07-02-0020-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 14, 2002


______________________________



IN THE INTEREST OF K.D.K., A MINOR CHILD



_________________________________



FROM THE 253RD DISTRICT COURT OF LIBERTY COUNTY;



NO. 51,737; HON. CHAP B. CAIN, III, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 In this appeal, the Attorney General of Texas (the State) challenges a judgment of
the trial court holding that appellee Ralph Paul Keeling (Ralph) owes no arrearage in child
support and is entitled to a reimbursement from the State for wages and tax refunds
withheld. In three issues, the State contends 1) Ralph's payment of child support directly
to his former spouse could not discharge his debt because his former spouse had
assigned her right to receive child support to the State and Ralph received notice of that
assignment, 2) Ralph failed to exhaust his administrative remedies so the trial court lacked
jurisdiction to render judgment against the State, and, alternatively, 3) Ralph's failure to
use available administrative remedies waived his counterclaim for reimbursement from the
State. We reverse the judgment of the trial court and remand for a new trial.

Background


 Ralph and Vikki Keeling were divorced by order dated August 30, 1996. Vikki was
awarded custody of their minor child, and Ralph was ordered to pay child support at the
rate of $200 per month ($100 semi-monthly). That decree directed that child support
payments were to be made to the district clerk's office and that any direct payments to
Vikki were deemed in addition to and not in lieu of his child support obligation. There was
also a warning in capital letters as follows: "FAILURE OF A PARTY TO MAKE A CHILD
SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT
ORDER MAY RESULT IN THE PARTY NOT RECEIVING CREDIT FOR MAKING THE
PAYMENT." 

 In December 1996, a notice of assignment was filed showing that Ralph was
ordered to pay child support to the Attorney General because his child was receiving
financial assistance under the Aid to Families with Dependent Children Program (AFDC). 
On December 20, 1996, the court signed an order directing that payments were to be
made to the Office of the Attorney General through the registry of the court. Despite these
circumstances and the admonitions in the divorce decree, Ralph continued to make his
monthly support payments directly to Vikki. Ralph also bought Vikki a vehicle for which
she gave him credit against his future support payments. 

 The State subsequently filed a motion for enforcement of the child support order
and sought collection of the amounts Ralph failed to pay to the State. Ralph's employer
was also administratively ordered to withhold payments, and the State intercepted his
federal tax refund. 

 The trial court held a hearing and found there was no arrearage in Ralph's child
support obligation and that he was entitled to reimbursement of $5,463 from the State for
monies which were wrongfully withheld or garnished. The State appealed.

 Issue One - Discharge of Obligation to the State

 In the first issue, it is argued that because Ralph received notice of the assignment
of Vikki's child support payments to the State, he could not legally discharge his obligation
by making payments directly to her. Thus, the trial court erred in declaring that he owed
the State nothing. We agree and sustain the issue.

 As authorized by federal law, the approval of an application for financial assistance
constitutes an assignment to the Office of the Attorney General of any right the applicant
or his child has to child support from any other person. Tex. Fam. Code Ann. §231.104(a)
(Vernon 2002). Thus, once Vikki applied for and began receiving AFDC benefits, the State
was entitled to receive (via assignment) Ralph's child support payments as reimbursement
for the financial assistance being given to Vikki. In the Interest of A.M.E., 71 S.W.3d 401,
403 (Tex. App.--San Antonio 2001, no pet.) (holding to that effect). 

 Moreover, Ralph did not argue that he failed to receive notice of the assignment of
Vikki's right to child support or of the court's order directing payment to the State. Indeed,
after those documents were executed, he communicated to the State and explained that
he was making the payments directly to Vikki because when she received child support
from the district clerk the money took too long to reach her and she did not receive the full
$200 per month. Thus, it is clear that he knew of the assignment in question. 

 Parties to a divorce decree do not have the authority to modify a child support
obligation without court approval. State v. Borchers, 805 S.W.2d 880, 882 (Tex.
App.--San Antonio 1991, writ denied). Nor may they opt to disregard federal and state law
effectuating assignments. Thus, by law, Ralph's support payments belonged to the State,
and sending them directly to Vikki did not somehow negate the State's right to them. And,
though Ralph delivered the payments to someone other than the assignee, he remains
liable for their payment to the State. See Buffalo Pipeline Co. v. Bell, 694 S.W.2d 592, 596
(Tex. App.--Corpus Christi 1985, writ ref'd n.r.e.); (holding that after the debtor receives
notice of a valid assignment, payment made by the debtor to the assignor or to any person
other than the assignee does not discharge the debtor from liability to the assignee);
Manes Const. Co., Inc. v. Wallboard Coatings Co., Inc., 497 S.W.2d 334, 337 (Tex. Civ.
App.--Houston [14th Dist.] 1973, no writ) (holding that where the account debtor paid
money directly to the assignor of accounts receivable at a time when he had actual notice
of the assignment, the debtor subjected himself to double liability). Therefore, the trial
court erred in finding that Ralph was not indebted to the State and in rendering judgment
in favor of Ralph for the monies or tax refunds withheld from his pay and intercepted,
respectively. 

 Our disposition of this issue relieves us from having to address the State's
remaining issues. Accordingly, we reverse the judgment of the trial court and remand the
cause for a new trial. 


 Brian Quinn

 Justice

Do not publish.

 


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. tex. gov't
code ann. §75.002(a)(1) (Vernon Supp. 2002).