NO. 07-04-0458-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



FEBRUARY 3, 2005



______________________________




ROBERT W. PAIGE, M.D., APPELLANT



V.



DUDLEY R. STANLEY AND FLAGSHIP FINANCIAL, APPELLEES




_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 47,937-A; HONORABLE RICHARD DAMBOLD, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

ORDER OF ABATEMENT PURSUANT TO 


RULE 8.2 OF THE TEXAS RULES OF APPELLATE PROCEDURE



 Attorney Kent Ries, as Chapter 7 Trustee for appellant Robert W. Paige, M.D., filed
a notice of appeal in the trial court challenging the trial court's judgment in favor of
appellees Dudley R. Stanley and Flagship Financial. Pending before this Court is Paige's
notice of bankruptcy and motion for extension of time in which to file the notice of appeal. 

 According to the limited documents on file, Paige filed chapter 7 bankruptcy on
February 6, 2004. On March 15, 2004, the United States Bankruptcy Court for the
Northern District of Texas signed an agreed order lifting the automatic stay for the "express
purpose of allowing the Trial Court to enter a judgment . . . ." The order further recites: 

 [t]he Stay is not lifted with respect to any appeal or appellate timetable. The
Stay will remain in effect as to any appeal, as described in Texas Rule of
Appellate Procedure 8.


 Pursuant to Rule 8.2 of the Texas Rules of Appellate Procedure, the appeal is
suspended. For administrative purposes, the appeal is removed from the docket and
abated. It appearing to the Court that the notice of appeal and motion for extension of time
in which to file the notice were filed out of an abundance of caution, they will not be
considered ineffective because they were filed while the proceeding was stayed. See Tex.
R. App. P. 82. Any documents filed subsequent to the bankruptcy proceeding will remain
pending until the appeal is reinstated. The appeal will be reinstated upon proper showing
from the United States Bankruptcy Court for the Northern District of Texas that the stay has
been lifted for purposes of appeal and a party's request for specific action by this Court. 
See Tex. R. App. P. 8.3(a).

 Accordingly, the appeal is abated.

 Per Curiam



support payments directly to Vikki. Ralph also bought Vikki a vehicle for which
she gave him credit against his future support payments. 

 The State subsequently filed a motion for enforcement of the child support order
and sought collection of the amounts Ralph failed to pay to the State. Ralph's employer
was also administratively ordered to withhold payments, and the State intercepted his
federal tax refund. 

 The trial court held a hearing and found there was no arrearage in Ralph's child
support obligation and that he was entitled to reimbursement of $5,463 from the State for
monies which were wrongfully withheld or garnished. The State appealed.

 Issue One - Discharge of Obligation to the State

 In the first issue, it is argued that because Ralph received notice of the assignment
of Vikki's child support payments to the State, he could not legally discharge his obligation
by making payments directly to her. Thus, the trial court erred in declaring that he owed
the State nothing. We agree and sustain the issue.

 As authorized by federal law, the approval of an application for financial assistance
constitutes an assignment to the Office of the Attorney General of any right the applicant
or his child has to child support from any other person. Tex. Fam. Code Ann. §231.104(a)
(Vernon 2002). Thus, once Vikki applied for and began receiving AFDC benefits, the State
was entitled to receive (via assignment) Ralph's child support payments as reimbursement
for the financial assistance being given to Vikki. In the Interest of A.M.E., 71 S.W.3d 401,
403 (Tex. App.--San Antonio 2001, no pet.) (holding to that effect). 

 Moreover, Ralph did not argue that he failed to receive notice of the assignment of
Vikki's right to child support or of the court's order directing payment to the State. Indeed,
after those documents were executed, he communicated to the State and explained that
he was making the payments directly to Vikki because when she received child support
from the district clerk the money took too long to reach her and she did not receive the full
$200 per month. Thus, it is clear that he knew of the assignment in question. 

 Parties to a divorce decree do not have the authority to modify a child support
obligation without court approval. State v. Borchers, 805 S.W.2d 880, 882 (Tex.
App.--San Antonio 1991, writ denied). Nor may they opt to disregard federal and state law
effectuating assignments. Thus, by law, Ralph's support payments belonged to the State,
and sending them directly to Vikki did not somehow negate the State's right to them. And,
though Ralph delivered the payments to someone other than the assignee, he remains
liable for their payment to the State. See Buffalo Pipeline Co. v. Bell, 694 S.W.2d 592, 596
(Tex. App.--Corpus Christi 1985, writ ref'd n.r.e.); (holding that after the debtor receives
notice of a valid assignment, payment made by the debtor to the assignor or to any person
other than the assignee does not discharge the debtor from liability to the assignee);
Manes Const. Co., Inc. v. Wallboard Coatings Co., Inc., 497 S.W.2d 334, 337 (Tex. Civ.
App.--Houston [14th Dist.] 1973, no writ) (holding that where the account debtor paid
money directly to the assignor of accounts receivable at a time when he had actual notice
of the assignment, the debtor subjected himself to double liability). Therefore, the trial
court erred in finding that Ralph was not indebted to the State and in rendering judgment
in favor of Ralph for the monies or tax refunds withheld from his pay and intercepted,
respectively. 

 Our disposition of this issue relieves us from having to address the State's
remaining issues. Accordingly, we reverse the judgment of the trial court and remand the
cause for a new trial. 


 Brian Quinn

 Justice

Do not publish.

 


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. tex. gov't
code ann. §75.002(a)(1) (Vernon Supp. 2002).