**COUNTY OF ALAMEDA, STATE OF CALIFORNIA, Petitioner,**

v.

**Rod L. SMITH, Respondent.**

No. D–3962.

Supreme Court of Texas.

Sept. 29, 1993.

Rehearing Overruled Feb. 2, 1994.

**768**

Rhonda Amkraut Pressley, Charles G. Childress and Dan Morales, Austin, for petitioner.

Stanley Rentz, Waco, for respondent.

## PER CURIAM.

In this case, we consider the effect of an alleged father's refusal to submit to paternity testing. The trial court concluded that the alleged father's failure to submit to testing shifted to him the burden of proof on the issue of paternity which effectively creates a presumption of fatherhood under section 13.-06(d) of the Texas Family Code.[1] The court of appeals reversed and remanded, holding that under section 13.06(d), as under section 13.02(b), the state bears the burden of coming forward with evidence sufficient to support a default judgment and placing on the alleged father the burden of persuasion on

the paternity issue. 852 S.W.2d 82. We reverse the judgment of the court of appeals and affirm the trial court's judgment.

Sandra Drake, the mother of Tamala Drake–Smith, executed an affidavit of paternity and authorized Alameda County to file suit against Rod L. Smith, the alleged father, requesting a determination of paternity and an order requiring him to pay child support. The county, under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), had the Texas Attorney General institute the suit. The trial court twice ordered Smith to submit to blood, body fluid, or tissue testing but he refused.[2] The trial court concluded that Smith's failure to submit to testing shifted to him the burden of proof on the issue of paternity. Relying on the burden shift, the state presented only the sworn paternity affidavit of the mother. Smith offered no evidence. The trial court found that Smith is the child's biological and legal father and awarded child support. The court of appeals reversed and remanded,[3] holding that although Smith's refusal to submit to paternity testing shifted to him the burden of proving that he is not the child's father, the state bears the burden of coming forward with evidence sufficient to support a default judgment.

Alameda County argues that the court of appeals erred in reading section 13.02(b), which allows the trial court to resolve the case on evidence sufficient to support a default judgment, into section 13.06(d), a burden shifting provision that, at trial, shifts the burden of proof to the party refusing testing. Alameda County contends that under section 13.06(d) the alleged father's failure to submit to testing shifted to him the burden of proof on the issue of paternity which effectively

---

**1.** Neither party raised or argued any possible constitutional issues concerning this cause. Consequently, we do not address any possible constitutional issues.

**2.** Because no error has been preserved on any issues concerning the State's compliance with the requisites for institution of a paternity suit nor on the ordering and refusal of paternity testing, *see, e.g.,* TEX.FAM.CODE §§ 11.08, 11.09,

13.01, 13.02, 13.03 (Vernon 1986 & Supp. 1993) (concerning petition, citation, the statute of limitations, and the ordering of paternity testing), we do not address those issues.

**3.** Smith filed an application for writ of error concerning the remand of the cause to the trial court.

created a presumption of fatherhood under section 13.06(d) of the Texas Family Code. We agree.

In paternity proceedings, the trial court must order samples for paternity testing. Tex.Fam.Code Ann. § 13.02(a) (Vernon Supp.1993). If the tests exclude 95% of the male population from the possibility of paternity but include the alleged father in the possible 5% group, they are a prima facie showing of paternity, and the side opposing paternity has the burden of proving that the alleged father is not the father of the child. *Id.*

Should a party refuse testing, the trial court has several pretrial options: (1) enforcement through contempt; (2) dismissal of the suit if the petitioner is the party refusing testing; or (3) court resolution against the refusing party upon sufficient proof to render a default judgment. *Id.* § 13.02(b).

The trial court also may allow the case to proceed to trial. If the trial court does so, "[a] party who refuses to submit to paternity testing has the burden of proving that the alleged father is not the father of the child." *Id.* § 13.06(d). Once the trial court allowed the case to proceed to trial, Smith had to prove that he was not the father. This plain reading of these sections confers no tactical advantage on a party refusing to obey a court order; instead, it provides a strong incentive for not refusing to provide samples for paternity testing.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of this court, without hearing oral argument, grants Alameda County's application for writ of error, reverses the judgment of the court of appeals and affirms the trial court's judgment. Smith's application for writ of error is denied.