**In the Interest of J.W.T., a minor child.**

No. 09–96–080CV.

Court of Appeals of Texas, Beaumont.

Submitted April 28, 1997.

Decided May 22, 1997.

Tom Oxford, East Texas Legal Service, Inc., Beaumont, for appellant.

A.W. Davis, Jr., Newton, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

Larry G., appellant, brought a paternity action seeking to establish he was the biological father of J.W.T. Appellees are Judy T., the biological mother, and Randy T., Judy's husband.[1] The facts of the case were set out in detail by the Supreme Court in *In re J.W.T.*, 872 S.W.2d 189, 189–90 (Tex.1994):

> While living together in 1988, Larry G. and Judy T. conceived a child later named J.W.T. Though still married to Randy T., Judy had planned to marry Larry after resolution of her pending divorce. Judy and Larry together arranged for prenatal care with a local clinic in a contract acknowledging Larry's paternity. Pursuant to that agreement Larry made several payments for obstetric treatment.
>
> Judy and Randy later reconciled and dismissed their divorce action. Before the child's birth, Larry brought an action under the Texas Family Code alleging that he was the father of J.W.T., acknowledging responsibility for child support payments, and requesting a judicial declaration of paternity and recognition of his visitation rights. After the birth, Larry unsuccessfully attempted to maintain contact with J.W.T. Under court order, the parties submitted to scientific paternity testing, which showed a 99.41% probability that Larry was J.W.T.'s biological father.
>
> Accepting the contention of Randy and Judy that Larry lacked standing under the Texas Family Code to bring any action relating to J.W.T., the trial court rejected Larry's assertion of constitutional rights and dismissed his claim. The court of appeals reversed, determining that Section 11.03(a)(7) of the Texas Family Code, under which Larry was denied standing to sue, violated the due course of law guarantee contained in article I, section 19 of the Texas Constitution. 815 S.W.2d 863.

The Supreme Court affirmed this court and remanded the cause to the trial court. At trial, the court found Randy was the biological father of J.W.T. Larry appeals that determination.

In point of error one, Larry contends there was no evidence, or alternatively insufficient evidence, to support the trial court's finding he was not the father, and Randy was the father, of J.W.T. We first address the issue of no evidence.

"No evidence" points of error must be sustained when the record discloses (1) a complete absence of a vital fact; (2) the court is barred by rules of law on evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *See Juliette Fowler Homes, Inc. v. Welch Associates, Inc.*, 793 S.W.2d 660, 666 n. 9 (Tex.1990); *Otis Elevator Co. v. Joseph*, 749 S.W.2d 920, 923 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Commonwealth Lloyd's Ins. Co. v. Thomas*, 678 S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); Robert W. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 TEX. L. REV. 361, 364–368 (1960).

Where there exists any evidence of probative force or nature to support a finding, the "no evidence" point must be overruled and the finding upheld. *In re King's Estate*, 150 Tex. 662, 664, 244 S.W.2d 660, 661 (1951). Furthermore, where there is more than a scintilla of the evidence in support of a finding, a "no evidence" challenge must fail. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987).

*Chance v. Chance*, 911 S.W.2d 40, 45(Tex.App.-Beaumont 1995, writ denied).

The trial court made the following conclusions:

1. The burden of proof was placed upon Judy and Randy [T.]

2. Judy and Randy [T.] met their burden of proof and the petition to establish paternity is denied.

3. Larry [G.] is not the biological father of [J.W.T.]

1. Appellees chose not to submit a brief to this court.

4. J.W.T. is the legitimate, biological child of Judy and Randy [T.] and that parentage is confirmed.

The trial court's first conclusion, that the burden of proof was placed upon Judy and Randy, is correct. Blood tests determined Larry could not be excluded as the biological father and the probability of paternity is 99.41%. Testing further established 99% of the male population is excluded from the possibility of being the biological father. "If the tests exclude 95% of the male population from the possibility of paternity but include the alleged father in the possible 5% group, they are a prima facie showing of paternity, and the side opposing paternity has the burden of proving that the alleged father is not the father of the child." *County of Alameda, State of Cal. v. Smith,* 867 S.W.2d 767, 769 (Tex.1993). The burden therefore was placed upon Judy and Randy, the party opposing Larry's claim of paternity, to prove Larry was not the father.

As to the remaining conclusions, the evidence conclusively establishes the opposite. Judy testified the only two men she had sexual relations with during the time frame in which J.W.T. was conceived were Larry and Randy and they are the only two possible fathers of J.W.T. As noted above, paternity testing did not exclude Larry as a possible father; however it did exclude Randy. The laboratory conducting the testing concluded Randy "cannot be the biological father of the child, [J.W.T.]." As the Supreme Court in *Murdock* held, "[a] properly conducted blood test positively excluding the alleged father is clear and convincing evidence of non-paternity." *Murdock v. Murdock,* 811 S.W.2d 557, 560 (Tex.1991). The trial court's conclusion that J.W.T. is the biological child of Randy is therefore clearly erroneous. The evidence clearly and convincingly established the opposite—Randy is not the biological father of J.W.T.

The evidence just as clearly established Larry is the biological father—the opposite of the trial court's conclusion that he is not. There were only two possible fathers, Larry and Randy, and Randy was conclusively ruled out by the paternity testing while testing established a prima facie case of Larry's paternity. The only possible father of J.W.T. is Larry; there is no other possible biological father. The evidence establishes Larry is the biological father of J.W.T.; therefore Judy and Randy have failed to meet their burden to disprove Larry's paternity. The opposite of a vital fact has been conclusively established; the no evidence point of error must be sustained. *Chance,* 911 S.W.2d at 45.

There is no evidence of probative force supporting the trial court's conclusions. There is only Judy's testimony that she believes Randy to be the father based upon their bearing a physical resemblance to each other and having similar birthmarks. Nothing in the record supports Judy's belief. Additionally, there was testimony Randy had undergone a vasectomy. Randy testified his vasectomy had been reversed but admitted he had no medical evidence to support his claim. We find there is less than a scintilla of evidence supporting the trial court's conclusions.

Point of error one is sustained. We find as a matter of law Larry is the biological father of J.W.T. The judgment of the trial court is reversed and rendered as to the paternity issue; the case is remanded to the trial court for consideration of the issues of conservatorship and visitation.

REVERSED AND RENDERED IN PART; REMANDED IN PART.