TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00762-CV






In the Interest of Z. Z. L.









FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. 12,139, HONORABLE TAMARA ARRINGTON, JUDGE PRESIDING 






 The Attorney General, as the State's Title IV-D agency, sued appellant Louis Zeno
Lawrence to establish paternity and support. Tex. Fam. Code Ann. § 102.007 (West 1996). The
district court referred the case to a duly appointed child support master. Id. §§ 201.101, .108. 
Appellant was served and answered. (1) The child support master ordered parentage testing. Id.
§ 160.102. Appellant refused to submit to such testing. The court set a hearing, at which appellant,
who is incarcerated, did not appear. Appellant did not request a bench warrant to attend trial, nor
request participation by alternate means. After a hearing, the court rendered an order establishing
the parent-child relationship and setting the amount of child support. Appellant brings numerous
issues in this appeal. (2) We will affirm the trial-court judgment.

 Although appellant's answer is written diagonally across the petition served upon
him, it is possible to establish that appellant never included a general denial as part of the answer,
nor did he specifically deny paternity of Z.Z.L. Instead, his answer in large part consists of phrases
such as "Notice--Abandoned Paper" and various allegations of fraud and conspiracy. However, he
also contested jurisdiction, an issue he raises on appeal.

 Appellant's basis for contesting jurisdiction is that, as a citizen of the Republic of
Texas, not the State of Texas, he was not amenable to the jurisdiction of the district court, absent his
consent. We reject that argument without further discussion. Ex parte Bowers, 886 S.W.2d 346,
350 (Tex. App.--Houston [1st Dist.] 1994, writ dism'd w.o.j.) (trial court did not err in summarily
dismissing argument that, as a citizen of the Republic of Texas, not the State of Texas, litigant was
not amenable to jurisdiction of court of State of Texas). Appellant was served and answered; the
trial court obtained personal jurisdiction over him. Tex. R. Civ. P. 121; In re of Gonzalez, 993
S.W.2d 147, 151-52 (Tex. App.--San Antonio 1999, no pet.). The district court had subject-matter
jurisdiction over the action. Tex. Gov't Code Ann. § 24.007 (West 1988); Tex. Fam. Code. Ann.
§ 101.008 (West 1996). We conclude there were no jurisdictional defects.

 Appellant did not generally deny the allegations in the petition. A general denial puts
at issue all matters not required to be denied under oath or specifically denied. See Shell Chem. Co.
v. Lamb, 439 S.W.2d 742, 744 (Tex. 1973); Cadle Co. v. Castle, 913 S.W.2d 627, 631 (Tex.
App.--Dallas 1995, writ denied). Accordingly, appellant failed to place his paternity at issue. 
Further, appellant refused to submit to parentage testing. The court set the case for trial. Because
appellant refused testing, a presumption of paternity was created. County of Alameda, State of
California v. Smith, 867 S.W.2d 767, 768-69 (Tex. 1993). Appellant had the burden to disprove
paternity. Tex. Fam. Code. Ann. § 160.110(c) (West Supp. 2001). Appellant did not appear and has
never presented any evidence to rebut that presumption. (3) Accordingly, the court did not err in its
finding of paternity.

 Appellant complains that he did not personally appear at trial. Appellant did not
request a bench warrant or request that the trial court provide an alternate means for him to
participate. Cf. Dodd v. Dodd, 17 S.W.3d 714, 718 (Tex. App.--Houston [1st Dist.] 2000, no pet.)
(repeated requests to trial court for bench warrant); Byrd v. Attorney General, 877 S.W.2d 566, 569
(Tex. App.--Beaumont 1994, no writ) (if court denies inmate's request to appear in person, court
should allow him to proceed by affidavit, deposition, telephone, or other effective means). 
Accordingly, he has waived any appellate complaint about his lack of appearance. Tex. R. App. P.
33.1(a).

 We overrule all of appellant's issues or questions presented and affirm the trial court
judgment.



 ___________________________________________

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: August 30, 2001

Do Not Publish
1. Appellant represented himself at trial and represents himself on appeal. Nevertheless, he is not
excused from complying with applicable rules of procedure: "Neither is it [the right of self-representation] a license not to comply with the relevant rules of procedural and substantive law." 
Faretta v. California, 422 U.S. 806, 834 n.46 (1975); Mansfield State Bank v. Cohn, 573 S.W.2d
181, 184-85 (Tex. 1978); Chandler v. Chandler, 991 S.W.2d 367, 378-79 (Tex. App.--El Paso
1999, pet. denied). 
2. In appellant's brief, he first lists twenty-six "Questions Presented" in a "Yes or No" format. 
Examples include: "Yes, or No, does either the United States of the State of Texas operate during
time of war, or emergency?"; "Yes, or No, is LOUIS ZENO LAWRENCE, a business trust to be
regulated and taxed by 'our' government?"; "Yes, or No, does the special integrated (monopoly)
association known as STATE BAR OF TEXAS, violate the Sherman Antitrust Act, Code, 15 U.S.C.
§§ 1-7?" In his argument, appellant sets out fourteen headings, which do not necessarily coincide
with the initial questions. None of the issues contain citations to the record as filed in this Court. 
Most contain no authority. We have attempted to isolate and discuss the issues cognizable on
appeal.
3. In fact, appellant does not specifically challenge the court's finding of paternity. Instead, he
asserts that the courts have no power to regulate his "private relationship" with the child.