In the Interest of A.M.E.

No. 04–01–00013–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 30, 2001.

John B. Worley, Rhonda Amkraut Presley, Assistant Attorney General, Austin, for appellant.

Christopher J. Edwards, San Antonio, pro se.

Ron C. Bird, Bird & Noll, San Antonio, for appellee.

Sitting: PHIL HARDBERGER, C.J., TOM RICKHOFF and PAUL W. GREEN, JJ.

Opinion by: TOM RICKHOFF, Justice.

The appellant, The Office of the Attorney General, appeals from an order allowing the minor's father to make arrearage payments to the grandmother, rather than to the Attorney General. The arrearage should be paid to the Attorney General; therefore, we reverse the trial court's judgment and reform the judgment accordingly.

## BACKGROUND

Christopher Edwards is the minor child's father, and, in 1993, he was ordered to pay $225 per month in child support to "Obligee Edna C. Gonzales," the child's mother. In 2000, Edwards moved to have this order modified, alleging the child now lived with her grandmother who had cared for the child for several years. Edwards asked that his payment be decreased, the mother ordered to pay one-half of the child support obligations, and the child support payment be made to the grandmother and not the mother. The Attorney General moved to enforce the 1993 order and asked for an arrearage judgment against Edwards. The trial court signed an enforcement order, granting an arrearage judgment in favor of the Attorney General in the amount of $21,241.37. In a separate order, the court ordered Edwards to pay $40 per month on the arrearage to the child's grandmother. The grandmother

had not filed a petition for affirmative relief in the case.

It is not clear from the record when, but at some point in time, the child's mother received public assistance.

## ANALYSIS

The 1993 order obligated Edwards to make his child support payments through the Attorney General's office. There is no evidence that the grandmother has a legal right to receive support on the child's behalf. *See* Tex. Fam.Code Ann. § 159.101(12) (Vernon Supp.2001) (defining "obligee" as "an individual to whom the duty of support is or is alleged to be owed or in whose favor a support order has been issued...."); *see also Office of Attorney General v. Carter*, 977 S.W.2d 159, 161 (Tex.App.—Houston [14th Dist.] 1998, no pet.) (statute requires "obligor" to owe duty of support to "obligee"). Therefore, although the grandmother may sue either the mother or Edwards to be reimbursed for the necessities she provided the child, *see Carter*, 977 S.W.2d at 162, the grandmother has no legal right to the arrearage payments. *Id.* (because grandmother had no right to receive support payments, she had no right to assign payments to State of Georgia's Department of Human Resources). The Attorney General asserts it has the right to receive the arrearage payments, and we agree.

Title IV–D of the Social Security Act requires states to provide services relating to the enforcement of child support obligations for children who receive government assistance payments and for other children whose guardians request the services. *See* 42 U.S.C. § 654(4) (1988). In Texas, the office of the attorney general has been designated to provide the Title IV–D services. *See* Tex. Fam.Code Ann.

§ 231.001 (Vernon 1996). The Attorney General is entitled to collect and distribute child support payments, and enforce child support orders. *Id.* § 231.101 (Vernon Supp.2001). The Family Code authorizes an enforcement action to reduce unpaid child support to judgment. *Id.* §§ 157.263, 157.005(b) (Vernon 1996). Within the order of priority established by Family Code section 157.268, collected child support shall be applied to the principal amount of child support that has been confirmed and reduced to money judgment. *Id.* § 157.268(5).

When the Attorney General provides Title IV–D services, it becomes entitled to an assignment of support rights. *Id.* § 231.104. Child support payments whose support rights have been assigned to the Attorney General must be made payable to the Attorney General. *Id.* § 231.105(a); *see also In the Interest of K.E.T.,* 974 S.W.2d 760, 762 (Tex.App.—San Antonio 1998, no pet.). Likewise, any arrearage amount belongs to the Attorney General by virtue of the assignment. *K.E.T.,* 974 S.W.2d at 763.

## CONCLUSION

Edwards' arrearage was reduced to judgment in favor of the Attorney General, but the trial court erred in ordering the arrearage payments payable to the grandmother, rather than to the Attorney General. Therefore, we reverse that portion of the trial court's Order in Suit to Modify Parent–Child Relationship, signed September 22, 2000, awarding a $40.00 per month arrearage payment to Maria Gonzales, and we reform the judgment to order that the $40 arrearage payment be made to the Attorney General.