**OFFICE OF the ATTORNEY GENERAL OF TEXAS,**
**Appellant,**

v.

**David S. CRAWFORD, Appellee.**

**No. 01–08–00681–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 2010.

John B. Worley, Assistant Attorney General, Michael D. Becker, Assistant Attorney General, Rande K. Herrell, Assistant Attorney General, Child Support Division/Appellate Litigation Section, Austin, TX, for Appellant.

John Gordon Bock, Adair & Myers, PLLC, Houston, TX, for Appellee.

Panel consists of Justices JENNINGS, ALCALA, and MASSENGALE.

## OPINION

MICHAEL MASSENGALE, Justice.

This appeal calls upon us to determine whether the Office of the Attorney General, in its capacity as the state's Title IV–D agency, has standing to sue to modify a child support order to provide support for adult disabled children. Because the Family Code excludes the OAG from its statutory grant of standing to specified classes of individuals authorized to bring such an action, and the OAG has received no assignment of rights from any individual who is authorized to file the suit, we affirm the trial court's order of dismissal.

## Background

Appellee David S. Crawford was divorced in 1994. The divorce decree provided that his former spouse would be the sole managing conservator of the couple's two children, W.C.C. and M.M.C. Crawford was ordered to pay monthly child support for both children until either of them turned 18 (or if fully enrolled in high school, graduated), and thereafter a reduced amount of support for the remaining child on the same terms. Subsequently he fell behind on his child support payments.

Title IV–D of the Social Security Act requires states to enforce child support obligations, and the legislature has designated the Office of the Attorney General as the Title IV–D agency for Texas.[1] The Family Code establishes the OAG's rights and responsibilities relating to the collection of child support.[2] Pursuant to that authority, the OAG filed suit against Crawford to enforce the child support order. In May 2006, the trial court signed an agreed order holding that Crawford owed approximately $11,000 in unpaid past child support through February 2006.

In June 2007, the OAG filed a new petition, this time seeking to modify the support order and confirm an additional arrearage in child support payments. Crawford responded by filing an October 2007 motion to terminate child support based on W.C.C. turning 18 in June 2003 and M.M.C. turning 18 in September 2007. The OAG then filed a supplemental suit for modification of the child support order. It claimed that because both of Crawford's adult children suffer from disabilities that existed before each turned 18, they are entitled to continuing support. See Tex. Fam.Code Ann. §§ 154.301–.309 (Vernon 2008 & Supp.2009).

Crawford challenged the OAG's authority to pursue the action in the absence of an assignment from a person with standing to sue under Family Code section 154.303.[3]

1. See Office of Attorney Gen. v. Lee, 92 S.W.3d 526, 527 n. 1 (Tex.2002) (citing 42 U.S.C. § 654(4)).

2. See id. (citing Tex. Fam.Code Ann. §§ 231.001, .0011, .101 (Vernon 2008)).

3. Crawford initially presented this challenge in the form of a motion to show authority pursuant to Rule 12 of the Texas Rules of Civil Procedure. The OAG contends this issue should have been presented by a plea to the jurisdiction instead. Regardless of the procedural vehicle, Crawford challenged the OAG's standing, which is an essential prerequisite to the court's subject matter jurisdiction. See, e.g., Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 553–54 (Tex.2000) (noting that absence of subject-matter jurisdiction may be raised by procedural vehicles other than plea to jurisdiction).

In response the OAG argued that, as the Title IV–D agency, it had authority to bring the suit based on general standing principles. Alternatively, the OAG argued that it had an assignment as a matter of law due to the operation of other provisions of the Family Code. The trial court ruled that the OAG did not demonstrate its standing and dismissed the case without prejudice. The OAG appeals from this ruling.[4]

### Analysis

In its sole issue, the OAG argues that its suit for modification of a support order should not have been dismissed. It claims to have independent standing to sue Crawford in order to modify the existing child support order and require him to make support payments to benefit his adult disabled children. Standing is a threshold issue for any lawsuit. A party who lacks standing cannot invoke the subject-matter jurisdiction of the court. *See, e.g., Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). Courts must pay scrupulous attention to questions about a plaintiff's standing out of respect for the separation of governmental powers. *See id.* at 444.

The only disputed issue in this appeal is one of statutory construction, which we review de novo. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex.2008). The supplemental suit for modification was filed by the OAG pursuant to Family Code chapter 154, subchapter F, which authorizes court-ordered support for adult disabled children. The statutory scheme includes a provision expressly identifying limited classes of parties authorized to seek relief:

A suit provided by this subchapter may be filed only by:

(1) a parent of the child or another person having physical custody or guardianship of the child under a court order; or

(2) the child if the child:

(A) is 18 years of age or older;

(B) does not have a mental disability; and

(C) is determined by the court to be capable of managing the child's financial affairs.

Tex. Fam.Code Ann. § 154.303(a) (Vernon 2008). The statute also contemplates that a party authorized to seek relief may assign that right to the OAG, in its capacity as the State's Title IV–D agency:

The parent, the child, if the child is 18 years of age or older, or other person may not transfer or assign the cause of action to any person, including a governmental or private entity or agency, except for an assignment made to the Title IV–D agency.

*Id.* § 154.303(b). The OAG's pleading did not indicate that it had been assigned the right to file the suit. Nor does the OAG now argue that its suit has been authorized in the form of an express assignment from any of the persons granted standing to sue by section 154.303.

Instead, the OAG argues that in its capacity as the state's Title IV–D agency, it has general standing, apart from section 154.303, to seek modification of the child support order. In this regard it relies upon Family Code section 102.007, which states that "In providing [Title IV–D] services authorized by Chapter 231, the Title IV–D agency ... may file a child support action authorized under this title, including a suit for modification or a motion for enforcement." Tex. Fam.Code Ann.

4. Crawford contends the case is moot because he has paid the child support arrearage. As acknowledged in his brief, however, this fact is not contained within the appellate record, and we are therefore unable to resolve the appeal on this basis.

§ 102.007 (Vernon Supp.2009). The OAG's suit seeks a modification of child support which is authorized, in substance, under the title in question, Family Code title 5, which generally addresses parent-child relationships and suits affecting the parent-child relationship.

The OAG also argues that its general powers as the state's Title IV–D agency establish its standing. The Family Code bestows upon the OAG qualified powers to "establish and enforce child support obligations," [5] provide services required by Title IV–D,[6] and represent the State in an action relating to Title IV–D services.[7] The OAG thus argues that because it acquired the right to provide general Title IV–D services on behalf of W.C.C. and M.M.C., it also has standing to sue Crawford to modify the existing child support order.

Crawford does not question the OAG's general standing to provide Title IV–D services. Instead, he contends that the OAG's claim to standing is expressly negated by Family Code section 154.303, which more specifically addresses the standing question. We agree. That statute provides that a suit to obtain court-ordered support for a disabled adult child "may be filed only by" specified parties, of whom the OAG is not one. *Id.* § 154.303(a). The use of the word "only" expressly excludes from the scope of statutory standing all persons other than those

identified.[8] "We rely on the plain meaning of the text unless a different meaning is supplied by legislative definition, is apparent from the context, or unless such a construction leads to absurd results." *See, e.g., State v. K.E.W.,* 315 S.W.3d 16, 21 (Tex.2010). The plain meaning of section 154.303(a) thus precludes the OAG's arguments for standing to sue on more general principles, without resort to any other interpretive aids. This reading is also consistent with the traditional rule of statutory construction in Texas that the more specific statutory provision controls over the more general. *E.g., Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 901 (Tex.2000); *Lufkin v. City of Galveston,* 63 Tex. 437, 439 (1885). We also note that the OAG's general standing argument does violence to the structure of section 154.303 because it would render meaningless section 154.303(b)'s requirement of a specific assignment to the OAG. The legislature could not have intended such a result. *See In re Derzapf,* 219 S.W.3d 327, 332 (Tex.2007).

In the alternative, the OAG argues that it received a general assignment as a matter of law, relying upon *In re A.M.E.,* 71 S.W.3d 401 (Tex. App.-San Antonio 2001, no pet.), and *Villarreal v. Villarreal,* No. 14–03–00577–CV, 2004 WL 1381025 (Tex. App.-Houston [14th Dist.] June 22, 2004, no pet.) (mem. op.). Both of these cases

---

**5.** Tex. Fam.Code Ann. § 231.002(d)(1)(A) (Vernon Supp.2009). Under this provision, "on approval by and in cooperation with the governor" the Title IV–D agency may establish and enforce child support obligations pursuant to "reciprocal arrangements with the federal government, another state, or a foreign country or a political subdivision of the federal government, state, or foreign country." *Id.*

**6.** *Id.* § 231.101(a)(3), (4) (Vernon Supp.2009). The services specifically authorized by this provision include establishment of "child support and medical support establishment" and

the "review and adjustment of child support orders." *Id.*

**7.** *Id.* § 231.109 (Vernon 2008). This provision applies to actions brought under the authority of federal law or under Family Code chapter 231. *Id.*

**8.** *See, e.g.,* The New Shorter Oxford English Dictionary on Historical Principles 2000 (Lesley Brown ed., 1993 ed.) (defining "only" to mean, among other things, "no more than; nothing other than; . . . nothing more besides; solely, merely, exclusively" or "By itself, alone, without anything else").

are distinguishable because they involved the assignment of support rights to the OAG which is legally deemed to occur upon an application for child support services.[9]

■ To the contrary, in light of the specific language of section 154.303, which excludes the OAG from its grant of standing, all arguments based on general principles of standing must fail. General standing rules do not apply when a statute creates an express exception. *See, e.g., Bland Indep. Sch. Dist.,* 34 S.W.3d at 556; *Hunt v. Bass,* 664 S.W.2d 323, 324 (Tex. 1984); *Everett v. TK–Taito, L.L.C.,* 178 S.W.3d 844, 850 (Tex.App.-Fort Worth 2005, no pet.); *In re Sullivan,* 157 S.W.3d 911, 915 (Tex.App.-Houston [14th Dist.] 2005, orig. proceeding [mand. denied]). For that reason, the general principle under section 231.104 that the OAG has a statutory assignment of support rights for the purpose of establishing and enforcing child support and medical-support obligations does not suffice to establish the OAG's standing to file this suit in light of the more specific language and express exclusion of the OAG from the narrow class of individuals granted standing to sue pursuant to section 154.303.

■ Similarly, the fact that the OAG had standing to file its original petition to enforce Crawford's child support obligations does not mean that it maintained standing to file a subsequent petition to require continuing support payments for adult disabled children. A party may have standing to sue another for one purpose but not others; "standing is not dispensed in gross." *Lewis v. Casey,* 518 U.S. 343, 358 n. 6, 116 S.Ct. 2174, 2183 n. 6, 135 L.Ed.2d 606 (1996). In this case, the OAG's standing cannot be inferred from its prior action to enforce support obligations because section 154.303 specifically provides that unless it has received an assignment, the OAG does not have standing to file suit for the purpose of establishing support for adult disabled children.

This result does not preclude the OAG from assisting adult disabled children to obtain support as provided in the Family Code. Our application of the statute merely enforces the legislature's expressly stated intent to require the OAG to obtain a specific assignment before doing so.

■ We hold that Family Code section 154.303 *requires* a *specific* assignment from a person listed in section 154.303(a) in order for the OAG to have standing to sue to modify an existing child support order to provide support for adult disabled children. It is undisputed that the OAG did not have such an assignment. Accord-

9. *See* TEX. FAM.CODE ANN. § 231.104(b) (Vernon 2008). *In re A.M.E.* was a case in which the trial court allowed a child support obligor to make arrearage payments directly to the child's grandmother, instead of the OAG. *In re A.M.E.,* 71 S.W.3d at 402. The San Antonio Court of Appeals reversed, holding that Family Code section 231.104 requires that payments be made to the OAG when it provides Title IV–D services. *Id.* at 403. No question about an assignment of rights was presented in *Villarreal,* in which the OAG was asked to provide Title IV–D services to collect unpaid child support under an existing child support order. The Fourteenth Court of Appeals simply noted section 231.104's requirement that payments be made to the OAG when the OAG provides Title IV–D services, but it was not a disputed issue in the case. *Villarreal,* 2004 WL 1381025, at *1 n. 1. Neither *A.M.E.* nor *Villarreal* presented a question about the OAG's right to sue to modify an existing child support order to provide support for adult disabled children, and nothing in Family Code section 231.104 purports to assign to the OAG the right to file such a suit, as opposed to the right to collect support.

ingly, we affirm the trial court's order of dismissal.