# Court of Appeals
## Tenth Appellate District of Texas

### 10-23-00019-CV

In the Interest of S.D.S., a Child

On appeal from the
272nd District Court of Brazos County, Texas
Judge Wendy Hencerling, presiding
Trial Court Cause No. 17-002093-CV-272

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

H.S. (Mother) appeals from an order in a suit to modify the parent-child relationship in which the trial court named Mother and K.F. (Father) joint managing conservators, granted Father the exclusive right to designate the primary residence of S.D.S., ordered Mother to pay child support to Father, and granted judgment against Father for outstanding child and medical support in favor of the Attorney General of Texas. We will affirm.

## Background

S.D.S. was born July 3, 2017, and later that year the trial court signed an agreed order establishing the parentage of S.D.S. The 2017 Order named

Mother managing conservator with the right to determine S.D.S.'s primary residence and Father possessory conservator with no right to visitation. Father was also ordered to pay child and medical support.

After initially having no contact with S.D.S., Father began visitation in 2020, with Mother's permission, and developed a relationship with the child. In December 2020, Mother was arrested for the offense of assault family violence, and S.D.S. lived with Father for a while. Father then filed a petition to modify the 2017 Order and asked the court to appoint him sole managing conservator of S.D.S. with the right to establish his primary residence. After a bench trial, the trial court signed the modification order from which Mother appeals.

**Issue One**

In her first issue, Mother complains that the trial court erred in failing to make findings of fact and conclusions of law. There is no dispute that the trial court failed to make findings of fact and conclusions of law though they were timely requested by Mother. A trial court's failure to file findings in response to a timely and proper request is presumed harmful, unless the record before the appellate court affirmatively shows that the complaining party has suffered no injury. *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017). The purpose of requesting findings of fact and conclusions of law is to narrow the judgment's bases and thereby reduce the number of contentions the

appellant must make on appeal. *Guillory v. Dietrich*, 598 S.W.3d 284, 290 (Tex. App.—Dallas 2020, pet. denied). Error in failing to make findings is harmful if it prevents an appellant from properly presenting a case to the appellate court. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996).

Mother argues that she is forced to guess the basis on which the trial court found that there was a material change in circumstances and that a change in the right to determine the residence of S.D.S. was in the best interest of the child. A supervisor with Child Protective Services (CPS) testified at trial about repeated investigations of Mother after the 2017 Order for reports of domestic violence and drug and alcohol abuse. The supervisor explained that Mother was in a violent relationship with a male individual, B.C., and that acts of violence occurred in S.D.S.'s presence. According to the supervisor, there was a pattern where Mother would say she ended the relationship with B.C. but that was not true.

On one occasion, Mother and B.C. were stopped by police for reckless driving with S.D.S. in the car. Law enforcement believed Mother was intoxicated, but she refused to submit to testing. Mother was arrested for outstanding warrants. There was testimony at trial that Mother had previous arrests for driving while intoxicated. Mother was convicted for the offense of driving while intoxicated with a child under the age of fifteen.

Mother was arrested for assault family violence in December 2020, and S.D.S. was placed in Father's care. Although that charge was eventually dropped, CPS still had concern for S.D.S. because of the pattern of domestic violence in the home. B.C. was arrested in July 2021 for assault.

Mother appeared pro se at trial. The trial court addressed Mother directly and asked, "[d]o you really, really, really realize how many times your kids have been involved in family violence?" The trial court went on to note the trauma imposed on S.D.S. by witnessing domestic violence. The trial court expressed concern that Mother continues to choose inappropriate partners. Mother told the trial court she was no longer dating B.C., but the trial court did not believe Mother. The trial court also did not believe Mother would keep S.D.S. from being exposed to domestic violence. The trial court ordered Mother to submit to a drug test and explained that Mother would not get visitation with S.D.S. if she failed the test.

Based upon the record before us, we conclude that Mother was not harmed by the trial court's failure to make findings of fact and conclusions of law. The trial court explained to Mother its belief that S.D.S. experienced trauma from witnessing domestic violence and that Mother would continue to expose S.D.S. to further domestic violence. Mother was not left to guess at the reasons for the trial court's ruling. *See Pate v. Ballard*, 634 S.W.3d 957, 960 (Tex. App.—Waco 2021, no pet.); *Beard v. Beard*, 49 S.W.3d 40, 52 (Tex. App.—

Waco 2001, pet. denied). In addition, Mother was not prevented from properly presenting her case on appeal. We overrule the first issue.

## Issue Two

In her second issue, Mother argues that the trial court erred by ignoring her motion for new trial and request for a hearing. Mother filed a motion for new trial on November 15, 2022. Mother requested a hearing on her motion for new trial, but her motion was overruled by operation of law without a hearing. *See* TEX. R. CIV. P. 329b (c).

Ordinarily, a trial court is not required to hold an evidentiary hearing on a motion for new trial. *See Slack v. Shreve*, No. 12-24-00014-CV, 2024 WL 4644610 at *9 (Tex. App.—Tyler Oct. 31, 2024, no pet.) (mem. op.); *Jefa Co., Inc. v. Mustang Tractor and Equipment Co.*, 868 S.W.2d 905, 909 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Further, a trial court is not required to expressly rule on a motion for new trial. *See* TEX. R. CIV. P. 329b(c); *In re Dixon*, 346 S.W.3d 906, 910 (Tex. App.–Tyler 2011, no pet.) (trial court not required to rule on motions for new trial because passage of time may serve to overrule a new trial motion by operation of law).

The only circumstances under which a hearing is required on a party's motion for new trial is when the motion alleges (1) jury misconduct, (2) newly-discovered evidence, or (3) the failure to set aside a default judgment. *See* TEX. R. CIV. P. 324(b)(1) (point required to be made in motion for new trial on

complaint on which evidence must be heard, such as jury misconduct, newly discovered evidence, or failure to set aside default judgment); *Slack*, 2024 WL 4644610 at *9; *Hendricks v. Barker*, 523 S.W.3d 152, 157 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Mother's motion does not raise any of those three grounds. Although Mother complains that she was denied the opportunity to present relevant evidence, she does not contend it was newly-discovered evidence. Mother has not alleged facts, which if true, would entitle her to a new trial. *See Hensley v. Salinas*, 583 S.W.2d 617, 618 (Tex. 1979). We hold that the trial court did not err by failing to hold a hearing on Mother's motion for new trial. We overrule her second issue.

## Issue Three

Mother complains in her third issue that the trial court abused its discretion in excluding relevant evidence related to the best interest of S.D.S. Mother contends that the trial court was required to consider the factors set out in *Holley v. Adams* to determine whether modification of the 2017 Order was in the best interests of S.D.S. 544 S.W.2d 367, 371–72 (Tex. 1976). Those factors include (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or

omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* Mother only complains on appeal that the trial court erred by excluding evidence related to the first factor—the desires of the child.

Mother first argues that the trial court prohibited testimony from the child. Mother asserts that the trial court stated, "[y]ou cannot possibly understand how fervently I believe children should never be in court." However, that statement was not made in reference to S.D.S. testifying at trial or even in relation to S.D.S. The trial court's statement was in reference to Mother's newborn child being present at trial. There is nothing in the record to show that Mother requested that S.D.S. testify at trial.

Next, Mother argues that the trial court prevented her from introducing statements made by S.D.S. When Mother attempted to testify as to S.D.S.'s statement to his grandmother, Father objected to hearsay, and the trial court properly sustained the objection. *See* TEX. R. EVID. 801(d). The trial court explained to Mother that she could not testify what S.D.S. or anyone else told her. Mother did not attempt to present any further evidence of S.D.S.'s desires.

Finally, Mother argues that the trial court did not interview S.D.S. in chambers as allowed by Section 153.009 of the Texas Family Code. Section 153.009 provides:

In a nonjury trial or at a hearing, on the application of a party, the amicus attorney, or the attorney ad litem for the child, the court shall interview in chambers a child 12 years of age or older and may interview in chambers a child under 12 years of age to determine the child's wishes as to conservatorship or as to the person who shall have the exclusive right to determine the child's primary residence. The court may also interview a child in chambers on the court's own motion for a purpose specified by this subsection.

TEX. FAM. CODE ANN. § 153.009(a).

Mother contends that the trial court did not interview S.D.S. as she requested. At trial, Mother stated, "[y]ou know, if you talk to [S.D.S.], my mom has spoken to him as like a third person . . . and he'll tell you." We do not agree that Mother's statement was a request for the trial court to interview S.D.S. in chambers. Mother attempted to offer statements made by S.D.S. There is nothing in the record to show that Mother requested that the trial court interview S.D.S. in chambers. Moreover, because S.D.S. was five years old at the time of trial, the trial court was not required to interview the child in chambers on request. *Id.* We overrule Mother's third issue.

## Issue Four

In her fourth issue, Mother argues that the trial court erred in denying her an opportunity to present relevant evidence of her prior drug tests. At trial there was evidence of Mother's drug and alcohol use. Mother refuted the testimony of the CPS supervisor and stated that after the 2017 Order, she

passed previous drug tests "every single time." Mother testified that since S.D.S. was born, she has not used drugs or alcohol. Later at trial, the trial court asked Mother why she had not brought the negative drug tests results with her to trial. Mother responded that she had requested the records from CPS, but she was told they do not have those records. Mother asked the trial court if she could have a court order to obtain the records. The trial court declined to provide her with a court order for the records.

Mother contends that her statement was sufficient to convey that she was requesting that the trial court issue a subpoena as allowed by Rule 176.4(a) of the Texas Rules of Civil Procedure. Rule 176.4(a) provides that a subpoena may be issued by "the clerk of the appropriate district, county, or justice court, who must provide the party requesting the subpoena with an original and a copy for each witness to be completed by the party." TEX. R. CIV. P. 176.4(a). Mother argues that by denying her request for a subpoena to obtain her records, the trial court deprived her the opportunity to present relevant evidence.

Even if we assume that Mother's statement to the trial court was a request for a subpoena, Rules 176.4 and 176.5 outline the methods by which a subpoena is issued and served, and they do not provide for an oral request to the trial judge. *See* TEX. R. CIV. P. 176.4, 176.5; *Holleman v. West End Cab Co.*, No. 07-99-0232-CV, 2000 WL 898003 at \*2 (Tex. App.—Amarillo July 6,

2000, pet. denied) (mem. op). A party proceeding pro se must comply with all applicable procedural rules. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978). A pro se litigant is held to the same standard that applies to a licensed attorney. *Weaver v. E-Z Mart Stores*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no writ) (citing *Brown v. Tex. Emp. Comm'n*, 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied)). No allowance is to be made for the fact that a party is not a lawyer. *Id.* (citing *Bailey v. Rogers & Keyser*, 631 S.W.2d 784, 786 (Tex. App.—Austin 1982, no writ)). Because the rules do not provide for a subpoena to be issued on the oral request of a party, Mother has not shown that the trial court prevented her from presenting relevant evidence. *Holleman*, 2000 WL 898003 at *2. We overrule Mother's fourth issue.

## Issue 5

In her fifth issue, Mother argues that the trial court erred in rendering judgment for child support arrearages in favor of the Attorney General of Texas rather than to her as obligee. The 2017 Order required Father to pay child support to Mother. The parties agree that Father owed $7,951.81 in arrearage on his child support payments. The trial court's proposed order granted judgment against Father for that amount in favor of the Attorney General of Texas. After the bench trial, Mother obtained counsel and filed an objection to the proposed modification order complaining about the judgment in favor of

the Attorney General. The trial court held a hearing on entry of the modification order, and Mother was represented by counsel at that hearing.

At the hearing, an Assistant Attorney General explained to the trial court that the judgment was payable to the Attorney General because Mother made an assignment of her rights on two separate occasions. The record shows that Mother made an assignment of her rights on July 7, 2017. The record also shows that on February 19, 2020, that assignment was terminated. However, the Assistant Attorney General informed the trial court that Mother made another assignment of her rights on May 4, 2020. That document was shown to Mother's counsel but not admitted as evidence because it contained confidential information. After the hearing, the trial court signed the modification order that granted judgment against Father for outstanding child and medical support in favor of the Attorney General of Texas.

Mother argues that the Texas Family Code does not create an automatic assignment of child support to the Attorney General and that there is no evidence that Mother assigned her right to the Attorney General. Section 231.104 of the Family Code provides that:

> To the extent authorized by federal law, the approval of an application for or the receipt of financial assistance as provided by Chapter 31, Human Resources Code, constitutes an assignment to the Title IV-D agency of any rights to support from any other person that the applicant or recipient may have personally or for a child for whom the applicant or recipient is claiming assistance.

TEX. FAM. CODE ANN. § 231.104(a). Child support payments for the benefit of a child whose support rights have been assigned to the Title IV-D agency under Section 231.104 shall be made payable to the Title IV-D agency and transmitted to the state disbursement unit. TEX. FAM. CODE ANN. § 231.105(a). Child support payments whose support rights have been assigned to the Attorney General must be made payable to the Attorney General. *In re A.M.E.*, 71 S.W.3d 401, 403 (Tex. App.—San Antonio 2001, no pet). Any arrearage amount also belongs to the Attorney General by virtue of the assignment. *Id*.

Section 231.101 of the Family Code provides that the Title IV-D agency may provide services including: enforcement of child support, medical support, and dental support orders and collection and distribution of child support payments. TEX. FAM. CODE ANN. § 231.101(a). The record shows, and Mother does not dispute, that Father admitted as evidence Exhibit P-14, the Attorney General Pay Record dated August 8, 2022, showing the accounting and distribution of child support in this case. That exhibit shows that the Attorney General was providing services to Mother after the notice on February 19, 2020, that Mother's assignment was terminated. When the Attorney General provides Title IV-D services it becomes entitled to an assignment of child support rights, including any child support arrearage. *In re A.M.,* 192 S.W.3d 570, 575 (Tex. 2006).

Although not admitted as evidence, the trial court and Mother were both shown Mother's assignment of her rights dated May 4, 2020. In addition, evidence admitted at trial shows that after the notice of termination of assignment, the office of the Attorney General provided services to Mother which entitled it to an assignment. TEX. FAM. CODE ANN. § 231.104(a); *Interest of J.A.M.*, No. 13-18-00494-CV, 2019 WL 3721350, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 8, 2019, no pet.) (mem. op.). We hold that the trial court did not err in rendering judgment for child support arrearages in favor of the Attorney General of Texas. We overrule Mother's fifth issue.

## Conclusion

Having overruled all of Mother's issues, we affirm the trial court's Order in Suit to Modify Parent-Child Relationship.

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED: March 13, 2025

Before Chief Justice Johnson,
  Justice Smith, and
  Justice Harris
Affirmed
[CV06]

